**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES JONES,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 20-CV-5270** |
| | : | |
| **SUPERINTENDENT SORBU,** *et al.,* | : | |
| **Defendants.** | : | |

## <u>ORDER</u>

AND NOW, this 4th day of February, 2021, upon consideration of Plaintiff James Jones's Motion to Proceed *In Forma Pauperis* (Doc No. 1), *pro se* Amended Complaint (Doc. No. 5), and Motion for Appointment of Counsel (Doc. No. 16), and for the reasons discussed in the accompanying Memorandum, it is **ORDERED** that:

1.    Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2.    James Jones, #AM8359, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case.  The Court directs the Superintendent of SCI-Phoenix or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Jones's inmate account; or (b) the average monthly balance in Jones's inmate account for the six-month period immediately preceding the filing of this case.  The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case.  In each succeeding month when the amount in Jones's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to

Jones's inmate account until the fees are paid.  Each payment shall refer to the docket number for this case.

3.      The Clerk of Court is directed to **SEND** a copy of this Order to the Superintendent of SCI-Phoenix.

4.      The Amended Complaint (Doc. No. 5) is **DEEMED** filed.

5.      The Clerk of Court is **DIRECTED** to add as Defendants Medical Administrator Sipple, Dr. Macheli, Dr. Weiner, Dr. Klemet, Physician Assistant Defranchesco, Physician Assistant Wakeman, Nurse Savage, and John Doe(s).

6.      The following claims in Jones's Amended Complaint are **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii):

        a.      All official capacity claims;

        b.      All claims based on grievances;

        c.      All claims seeking a transfer to a different prison;

        d.      The claim against Defendant Kelly based on Kelly changing Jones's cell assignment.

        e.      All claims based on destruction of property;

        f.      The claim against Defendant Hensley based on a guard-on-inmate sexual assault involving a different inmate.

7.      All other claims in Jones's Amended Complaint against all named Defendants, except for the deliberate indifference claims against Defendants Corenevich, Sorbu and Terra, are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

8.      Jones's Motions for appointment of counsel (Doc. No. 5 at ¶ 37; Doc. No. 16), are **GRANTED**.

9.      The Clerk of Court shall refer this matter to the Prisoner Civil Rights Panel seeking a volunteer attorney to represent Jones.

10.      The Clerk of Court shall mail a copy of the Prisoner Civil Rights Panel Program Description to Jones.

11.      Jones is **GRANTED** leave to file a second amended complaint within thirty (60) days of a volunteer attorney agreeing to represent him.  Any amendments in this complaint shall be limited to adding the claims dismissed without prejudice in the event Jones can allege additional facts to state plausible claims.  Any second amended complaint shall identify **ALL** defendants in the caption of the second amended complaint in addition to identifying them in the body of the second amended complaint, shall state the basis for Jones's claims against each defendant, and shall bear the title "Second Amended Complaint" and the case number 20-5270. If Jones files a second amended complaint, his second amended complaint must be a complete document that includes **ALL** of the bases for Jones's claims, including claims that the Court has not yet dismissed if he seeks to proceed on those claims.  Claims that are not included in the second amended complaint will not be considered part of this case.  Jones may not reassert any claim already dismissed with prejudice.  When drafting his second amended complaint, Jones should be mindful of the Court's reasons for dismissing his claims as explained in the Court's Memorandum.  Upon the filing of a second amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

12.      If Jones does not file a second amended complaint the Court will direct service of his Amended Complaint on Defendants Corenevich, Sorbu and Terra **ONLY**.  Jones may also

3

notify the Court that he seeks to proceed on these claims rather than file an amended complaint. If he files such a notice, Jones is reminded to include the case number for this case, 20-5270.

13.     The time to serve process under Federal Rule of Civil Procedure 4(m) is **EXTENDED** to the date 120 days after the Court issues summonses in this case if summonses are issued.

BY THE COURT:

*/s/ Karen Spencer Marston*

_____

KAREN SPENCER MARSTON, J.