## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES JONES**, <br><br> Plaintiff, <br><br> *v.* <br><br> **SUPERINTENDENT SORBU, et al.**, <br><br> Defendants. | **CIVIL ACTION** <br><br><br> **NO. 20-5270-KSM** |

**MEMORANDUM**

**MARSTON, J.**                                                                              **October 18, 2022**

Plaintiff James Jones is an inmate at SCI-Phoenix suffering from prostate cancer.  (Doc. No. 5.)  Jones brought suit under 42 U.S.C. § 1983 against a litany of prison executives and prison medical staff arising from alleged shortcomings in the care he received for his cancer.  (*Id.*)  Following an initial screening, the Court dismissed most of his claims.[1]  (Doc. No. 19.)  Only one claim survived the screening.  (*Id.* at 13.)  The sole remaining claim is based on allegations that Defendants Superintendent Jamie Sorber (incorrectly captioned as "Sorbu"), Unit Manager Thomas Grenevich (incorrectly captioned as "Cornevich") and Deputy Joseph Terra barred Jones from receiving necessary radiation treatment as a form of punishment.  (*Id.*)

The parties are in the midst of discovery.  (*See* Doc. No. 82.)  Jones has moved to compel further information in response to his interrogatories.  (Doc. No. 94.)  For the reasons below, Jones's motion is granted in part and denied in part.

---

[1] The Court was required by statute to screen Jones's Amended Complaint to determine whether it stated "a claim on which relief may be granted."  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.    BACKGROUND

Jones initiated this action *pro se* on October 21, 2020.[2]  (Doc. No. 1.)  His Complaint was

unsigned, so on November 2, the Court directed him to sign the Complaint.  Instead, on

November 23, 2020, Jones filed a signed Amended Complaint.  (Doc. No. 5.)  Shortly after filing

his Amended Complaint, Jones also filed a signed version of his original Complaint.  (Doc. No.

9.)  The Court then directed Jones to clarify which signed version he wished to proceed with

given the timing of his filings.  (Doc. No. 10.)  On January 20, 2021, Jones confirmed he wished

to proceed with his signed Amended Complaint (Doc. No. 5).  (Doc. No. 15.)  Because Jones

was unable to pay the filing fee in this matter, the Court granted him leave to proceed *in forma*

*pauperis* and analyzed whether Jones's Amended Complaint stated "a claim on which relief may

be granted."  (*See* Doc. No. 19 (citing 28 U.S.C. § 1915(e)(2)(B)(ii)).)

The Court found that Jones failed to state a claim as to almost all of his claims.  (*See id.*)

The sole remaining claim is an Eighth Amendment claim against Sorber, Grenevich, and Terra.

(*Id.* at 13.)  Jones alleges that, after he had a dispute with Grenevich, he was denied radiation

treatment for his prostate cancer from October 13 to October 26, 2019 pursuant to orders from

Grenevich, Sorber, and Terra.  (Doc. No. 5 ¶ 30.)  He also alleges Grenevich prevented him from

getting his medication by refusing to give him a pass to the medical unit.  (*Id.* ¶ 10.)

After screening the Amended Complaint, the Court placed Jones on the Prisoner Civil

Rights Panel in an attempt to help him obtain counsel to assist on his sole remaining Eighth

Amendment claim.  (Doc. No. 20.)  Jones spent a year on the Panel, but no one volunteered to

take his case, so he was removed from the Panel in January 2022 and has proceeded *pro se* since.

(Doc. No. 32.)

---

[2] For a more detailed overview of the factual background giving rise to Jones's claims, see the
Court's opinion screening Jones's Amended Complaint.  (Doc. No. 19.)

The Court's Screening Order also granted Jones leave to file a second amended complaint within 60 days of removal from the Panel (Doc. No. 20), but he did not do so.  Well after the 60-day deadline had passed, Jones moved to amend his complaint; however, he did not provide the Court with a Proposed Amended Complaint or offer any argument why amendment would not be futile.  (Doc. No. 68.)  Accordingly, the Court denied his motion without prejudice.  (Doc. No. 71.)  Rather than refiling a *motion* to amend, Jones filed a Second Amended Complaint.  (Doc. No. 72.)  The Court granted Defendants' motion to strike the Second Amended Complaint, as the Court had not granted Jones leave to amend.  (Doc. No. 76.)

On August 5, 2022, the Court held a conference pursuant to Federal Rule of Civil Procedure 16.  (Doc. No. 81.)  The Court issued a scheduling order setting deadlines for discovery, dispositive motions, and pretrial filings.  (Doc. No. 82.)  The parties are in the midst of discovery.  (*Id.* ¶ 2.)  On July 30, 2022, Jones served Defendants with twelve interrogatories, and on September 9, Defendants served their responses and objections.  (*See* Doc. No. 96-1.)  Unsatisfied with Defendants' responses, Jones filed a motion to compel further information in response to the interrogatories.  (Doc. No. 94.)  Jones argues that Defendants' "response provides no useful information that could be relevant and necessary to prosecute the claims as alleged in the Complaint."  (*Id.* ¶ 3.)  Defendants respond that they "have provided *specific, factual information*" in response to eight of the twelve interrogatories and that the remaining interrogatories are irrelevant, vague, and overbroad.  (Doc. No. 96 at 3.)

II.    **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 26(b)(1), a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  When the opposing party fails to respond or provides incomplete responses to a discovery request, the requesting party may "move for an

order compelling disclosure or discovery" pursuant to Federal Rule of Civil Procedure 37.  Fed. R. Civ. P. 37(a)(1); *see also* Fed. R. Civ. P. 37(a)(3)(B).  On a motion to compel, the moving party "bears the initial burden of showing the relevance of the requested information."  *Morrison v. Phila. Hous. Auth.*, 203 F.R.D. 195, 196 (E.D. Pa. 2001); *see also Three Bros. Supermarket, Inc. v. United States*, Civ. A. No. 2:19-cv-2003-KSM, 2020 WL 5231575, at *1 (E.D. Pa. Sept. 1, 2020) (same).  "The burden then shifts to the party resisting discovery to justify withholding it."  *Morrison*, 203 F.R.D. at 196.

## III.    ANALYSIS

Jones takes issue with all of Defendants' general objections and nearly all of their specific responses and objections.  (*See generally* Doc. No. 94.)  As a threshold matter, Jones's motion fails because he does not proffer any explanation why any of the requested information is relevant to the claims remaining in this matter.  Rather, he simply avers that Defendants' responses "obstruct[ ] [Jones's] effort to acquire meaningful information as it relates to [a] strategy *to which the Plaintiff is not obligated to devulge* [sic]."  (*Id.* ¶ 3.)  *See Rosenblit v. City of Philadelphia*, CIVIL ACTION NO. 20-3121-KSM, 2021 WL 288887, at *4 (E.D. Pa. Jan. 28, 2021) (denying the plaintiff's motion to compel where the plaintiff "failed to argue or discuss how the discovery he seeks is relevant to the claims or defenses in this case"); *Romero v. Allstate Ins. Co.*, No. 01-3894, 2012 WL 13234624, at *1 n.1 (E.D. Pa. Oct. 23, 2012) (finding the movant failed to satisfy its burden where it offered only a "cursory argument regarding relevancy").

To be sure, Jones identifies specific portions of Defendants' responses he finds objectionable, but he offers no explanation why those responses are inadequate or why the additional information sought would be relevant to his claims.

. And as detailed in turn below, the Court's own review of the interrogatories and

4

Defendants' responses and objections thereto illustrates the adequacy of Defendants' responses.

*General Objection 1.*  Defendants objected to the Interrogatories generally "to the extent they seek information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege." (Doc. No. 96-1 at 1 ¶ 1.)  Jones raises several issues with this objection.  First, Jones requests that Defendants' counsel provide the "rule, guidelines, etc. which correspond with the claim of privilege." (Doc. No. 94 at 1.)  The case law regarding the attorney-client privilege and work product doctrine is publicly available and Jones can access it through his standard channels of legal research; Defendants' counsel need not provide legal authority to Jones.  Jones also objects to counsel's assertion of privilege on the ground that counsel's "mere word is not sufficient to overcome Rule 33 F.R.C.P. (A)(1)(3)." (*Id.*)  Federal Rule of Civil Procedure 33(a)(1) does not have a subdivision (3), and it is not obvious to the Court to which subdivision of Rule 33 Jones is citing.  And in any event, Jones offers no reason—and there is no reason to believe—that Defendants' counsel is withholding any nonprivileged information on privilege grounds.  To the extent Defendants' counsel is withholding information as privileged, counsel must provide a privilege log.

*General Objection 2.*  Defendants also objected to the Interrogatories generally to the extent they are directed "in whole or in part, to the Pennsylvania Department of Corrections, which is not a party to this lawsuit." (Doc. No. 96-1 at 1 ¶ 2.)  Jones contends that, because the Defendants' conduct alleged in the Complaint was "taken under color of state law" and because Defendants' counsel is "a state employee," he is entitled to discovery as to the Pennsylvania Department of Corrections generally.  (Doc. No. 94 at 1–2.)  Because the Department of Corrections is not a party to this lawsuit, Jones is not entitled to discovery into the Department of Corrections, unless the information sought is relevant to this action through other theories of

relevance.

*General Objection 3.*  Defendants objected to the Interrogatories generally on the ground

that several were compound, causing the request to exceed the limit of interrogatories provided

in Rule 33.  (Doc. No. 96-1 at 1 ¶ 3.)  Jones objects to this objection on the ground that there are

"(10) questions and (10) expected responses."  (Doc. No. 94 at 3.)  Although Defendants

objected on this ground, they provided responses (or offered specific objections explaining why

they would provide no responses) to all of the Interrogatories, so Jones's objection is moot.

*Specific Objections and Answers to Interrogatory 2.*  Jones asked, "Has the Plaintiff been

involved in any rule violation or misconduct related to the reason(s) he was placed on H-Code in

2011?"  (Doc. No. 96-1 at 2 ¶ 2.)  Defendants responded that Jones's H-Code placement was

related to his misconduct on October 30, 2011.  (*Id.*)  Jones argues this response is insufficient

and "Defendants do not want to answer or address this issue because the result of misconduct

should have required a Rule Violation Report."  (*Id.*)  But Defendants clearly answered this

question by identifying the "misconduct related to the reason(s) [Jones] was placed on H-Code,"

so Jones is not entitled to additional information in response to this question.

*Specific Objections and Answers to Interrogatory 4.*  Jones asked whether there is 24-

hour surveillance at SCI-Phoenix.  (Doc. No. 96-1 at 2 ¶ 4.)  Defendants refused to answer on

relevance grounds.  (*Id.*)  The Court agrees that the information sought in this interrogatory is not

relevant.  Jones's sole remaining claim is one for deliberate indifference, alleging that

Defendants prevented him from receiving chemotherapy as a form of punishment.  Jones

contends this information is relevant to show that Plaintiff never engaged in a rule violation, but

he never explains how any purported rule violation is relevant to his deliberate indifference

claim.  (Doc. No. 94 at 2.)  Because the requested information is not relevant, Jones is not

entitled to it.

*Specific Objections and Answers to Interrogatory 5.*  Jones asked whether he had received a "serious misconduct," such as assault or escape since 2011.  (Doc. No. 96-1 at 3 ¶ 5.) Defendants responded that he had not received a misconduct for assault or escape but had received a "serious misconduct" for drugs in 2014.  Jones objects to this response on the ground that a drug offense is not "serious misconduct" (Doc. No. 94 at 2), but he does not identify any information Defendants failed to disclose in response to this interrogatory.

*Specific Objections and Answers to Interrogatory 6.*  Jones asked whether he had been "for the most part" compliant with "his programs."  (Doc. No. 96-1 at 3 ¶ 6.)  Defendants objected to the interrogatory as vague and ambiguous and responded that Jones had not been compliant.  (*Id.*)  Jones contends "Defendants' attorney has given false and deceptive information" (Doc. No. 94 at 3) but does not contend that Defendants failed to disclose any relevant information in response to this interrogatory.

*Specific Objections and Answers to Interrogatory 7.*  Jones asked whether any Defendants in the action had been "accused of or sanctioned in any form for a violation of policy."  (Doc. No. 96-1 at 3 ¶ 7.)  Defendants declined to respond on the grounds that the interrogatory was irrelevant, overly broad, not reasonably limited in time and scope, and not proportional to the needs of the case.  (*Id.*)  Jones argues this information is relevant to whether Defendants were deliberately indifferent.  (Doc. No. 94 at 3.)  The Court agrees with Jones that such information *could* be relevant; however, the interrogatory as currently drafted is far too broad.  Defendants must respond to a more narrowly tailored version of this interrogatory—that is, they must inform Jones whether any of the Defendants remaining in this action have *ever* been "sanctioned in any form for a violation of policy" *relating to the provision of medical*

*treatment to inmates.*

*Specific Objections and Answers to Interrogatory 8.*  Jones requested information regarding the officer "who wrote the misconduct in 2011 that led to the H-Code status."  (Doc. No. 96-1 at 4 ¶ 8.)  Specifically, he asks where the officer who authored the misconduct is in prison.  (*Id.*)  Defendants refused to provide such information, as the interrogatory "is not relevant to any claim in this lawsuit nor does it involve any party to this lawsuit."  (*Id.*)  Jones's motion to compel provides a lengthy history, explaining that the officer who wrote the 2011 misconduct has since been convicted of certain crimes.  (Doc. No. 94 at 3.)  But this information is plainly not relevant to any claims at issue in this action.  The officer in question is not a defendant in this action and his conduct and current location have no bearing on the sole surviving deliberate indifference claim.  Jones also claims he is entitled to this information as a "Freedom of Information Request," but such information can be properly obtained through different channels, not the civil discovery process in an unrelated lawsuit.

*Specific Objections and Answers to Interrogatory 9.*  Jones asked how many grievances were filed against "Defendants, Betha, Piston, Mitchell, [G]renevich, [T]erra and Hensley" from January 1, 2020 through August 30, 2021.  (Doc. No. 96-1 at 4 ¶ 9.)  Defendants refused to respond on the ground that this information is irrelevant.  (*Id.*)  The Court agrees that the *number* of grievances is irrelevant; however, information on the types of grievances filed against the remaining Defendants may be relevant.  Accordingly, Defendants must provide information on grievances filed against the remaining Defendants from October 1, 2017 through October 31, 2020.[3]

---

[3] Although Jones requested information on grievances filed from January 1, 2020 through August 30, 2021, he has not shown the relevance of this period, and the request is overly broad.  But the Court finds that information on grievances filed against the Defendants could be relevant and would not be overbroad if limited to the time period two years prior and one year after the time he was allegedly denied

*Specific Objections and Answers to Interrogatory 10.*  Jones asked why he was still on H-Code.  (*Id.* ¶ 10.)  Defendants responded that Jones remains on H-Code "based on the serious nature of his misconduct, predatory behavior, and disruptive behavior, which collectively make him a risk to safety of other inmates and/or staff."  (*Id.* at 5 ¶ 10.)  Jones argues that he "is not a sexual predator" but offers no explanation why the requested information is relevant to his deliberate indifference claim.  (Doc. No. 94 at 4.)

*      *      *

In sum, most of Jones's interrogatories request information relating to his initial and continued placement on "H-Code," which is not relevant to his sole remaining deliberate indifference claim.  And many of the arguments Jones offers in his Motion to Compel do not work to show the relevance of the requested information but rather quibble with the accuracy of Defendants' response.  Because Jones has not established the relevance of the information requested in the disputed interrogatories, his motion to compel is largely denied; however, Defendants must provide information in response to Interrogatories Number 7 and 9 as outlined herein.

## IV.    CONCLUSION

For the reasons below, Jones's motion is granted in part and denied in part.

An appropriate Order follows.

---

medical care in October 2019.

9